UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Shaun Lacross, | |
| Plaintiff, | |
| v. | Civil Action No. 5:22–cv–67 |
| Vermont State Police, Burlington Federal Defender's Office, Ian Carleton, William Ruprecht IV, Paul Altenburg, and Homeland Security Investigations, | |
| Defendants. | |

## REPORT AND RECOMMENDATION
(Doc. 7)

Plaintiff Shaun Lacross, a federal pretrial detainee proceeding *pro se*, brings this action under 42 U.S.C. §§ 1983 and 1985 against Defendants Vermont State Police, the "Burlington Federal Defender's Office," Attorney Ian Carleton, Special Agents William Ruprecht IV and Paul Altenburg, and Homeland Security Investigations. (Doc. 5.) Lacross alleges violations of his federal constitutional rights under the Fourth, Fifth, and Fourteenth Amendments arising out of his arrest by the Vermont State Police and interactions with federal agents during the subsequent investigation. He seeks monetary damages, his "[i]mmediate release" from prison, dismissal of his current criminal charges, and immunity from "future prosecution for past [nonviolent] offenses." (*Id.* at 21.)

## Background

On September 30, 2021, the federal grand jury returned an Indictment charging Lacross and others with conspiracy to distribute, and possess with intent to distribute, 500 grams or more

of cocaine, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B), and 846.  *United States v. Lacross, et al.*, 5:21-cr-84, Doc. 24.  After his arrest on November 29, 2021, Lacross was arraigned and detained pending further proceedings on December 7, 2021.  (Doc. 47.)  The federal conspiracy charge against Lacross remains pending.

With the consent of the Vermont State Police, Attorney Carleton, and Lacross, Defendants Ruprecht and Altenburg requested a stay of Lacross's civil case given that the allegations in the civil case appear to pertain directly to the pending criminal case.  On May 25, 2022, the Court stayed the civil action pending resolution of Lacross's related federal criminal charges.  (*See* Docs. 12, 16.)  Excluded from the stay, however, is Attorney Carleton's Motion to Dismiss the Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  (Doc. 7.)  Lacross has not responded to the Motion to Dismiss.

In his Complaint, Lacross generally describes Attorney Carleton's legal representation up until the Court permitted Carleton to withdraw as Lacross's counsel in his federal criminal case. Lacross characterizes his claim against Attorney Carleton as "legal malpractice" in violation of the "Fourth and Fourteenth Amendments."  (Doc. 5 at 1, 15.)  He specifically alleges that Attorney Carleton revealed to the prosecutor a privileged conversation that he had with Lacross. (*Id.* at 15, 19.)

Attorney Carleton argues that the § 1983 claims must be dismissed because they arise exclusively from his representation of Lacross as court-appointed counsel under the Criminal Justice Act (CJA), and court-appointed counsel do not act under color of state law for purposes of § 1983.  (Doc. 7 at 1–2.)  Attorney Carleton further contends that the § 1985 claim against him fails because Lacross has not alleged that Carleton's actions were motivated by class-based,

invidious discriminatory animus. (*Id.* at 2–3.) As discussed below, I recommend granting the Motion to Dismiss.

## Discussion

### I.    Section 1983 Claims

"In order to establish individual liability under § 1983," the claimant must first show "that the defendant is a person acting under the color of state law." *Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004) (internal quotation marks omitted); *see Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). "[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997); *see Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Sash v. Rosahn*, 450 F. App'x 42, 43 (2d Cir. 2011) ("[A] court-appointed criminal defense attorney does not act under color of state law when representing a client . . . ."); *Housand v. Heiman*, 594 F.2d 923, 924–25 (2d Cir. 1979) (per curiam) ("[M]any courts have ruled that public defenders or court-appointed defense attorneys do not act 'under color of law'[;] [t]his is the law in this circuit."); *Hendrickson v. Vt. Dep't of Corr.*, Civil No. 5:18–cv–158-gwc-jmc, 2019 WL 1715128, at *4 (D. Vt. Jan. 24, 2019) ("It is well settled that defense attorneys, even if they are court-appointed or are public defenders, do not act under color of state law when performing traditional functions of counsel."), *report and recommendation adopted*, 2019 WL 1670803 (Apr. 17, 2019).

Lacross's claims against Attorney Carleton arise in the context of Carleton's performance of traditional lawyer functions as CJA-appointed counsel.  (*See* Doc. 5 at 9–10, 15, 19.)  As Attorney Carleton in that capacity was not acting under color of state law, Lacross's § 1983 claims fail as a matter of law.  To the extent that Lacross may be alleging that Attorney Carleton conspired with other state officials to adversely affect Lacross's federal criminal case, *see Tower v. Glover*, 467 U.S. 914, 916 (1984), he has not alleged facts supporting such a claim.  *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (explaining that "[a] merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against [a] private entity").

Therefore, the § 1983 claims against Attorney Carleton should be dismissed.

## II.    Section 1985 Claims

Under 42 U.S.C. § 1985, a plaintiff may bring three categories of claims against non-state actors for conspiracy to interfere with civil rights.  Under § 1985(1), it is unlawful to conspire to prevent a government officer from performing his or her lawful duties.  Lacross's Complaint does not present this circumstance; he was not a government officer at the time of the events described in the Complaint.  Under § 1985(2), it is also unlawful to conspire to deter a party or witness from testifying in court or serving as a juror.  This subsection is also inapplicable as Lacross makes no allegations of this nature in his Complaint.  Finally, 42 U.S.C. § 1985(3) proscribes conspiracies to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."

As §§ 1985(1) and (2) are plainly inapplicable to the facts alleged, the Court construes the Complaint to be raising a claim under § 1985(3).  To state a conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving,

either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007). In addition, the conspiracy must be motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Palmieri v. Lynch*, 392 F.3d 73, 86 (2d Cir. 2004) (internal quotation marks omitted). Courts may properly dismiss § 1985 claims that "contain[] only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights . . . ; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello*, 292 F.3d at 324–25; *see Hernandez v. Goord*, 312 F. Supp. 2d 537, 546 (S.D.N.Y. 2004) (holding that claims under § 1985 must allege "an overt act done in furtherance of" the conspiracy to inflict an unconstitutional injury (quoting *Ciambriello*, 292 F.3d at 325)).

Lacross's Complaint makes no allegation of racial discrimination or discrimination based on his membership in a particular class. In fact, the Complaint pleads no facts about Lacross's race or that of any other party, nor does it plead any facts suggesting that Lacross's claims arise from any class-based discrimination. The Complaint also states no facts regarding Carleton's alleged motivation to commit the conduct alleged in the Complaint, let alone the "invidious discriminatory animus" required to plead a § 1985 claim. *Palmieri*, 392 F.3d at 86. Further, the Complaint pleads no facts indicating that Attorney Carleton conspired with others to deprive him of a constitutional right.

Therefore, the § 1985 claims against Attorney Carleton should be dismissed.

5

## **Conclusion**

For these reasons, I recommend that Defendant Attorney Carleton's Motion to Dismiss (Doc. 7) be GRANTED and the Complaint's claims against Carleton be DISMISSED.

Dated at Burlington, in the District of Vermont, this 10th day of June 2022.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections that shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (quoting *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).