UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 JUL 22 AM 5:12

CLERK

BY_____
DEPUTY CLERK

| | |
|---|---|
| SHAUN LACROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:22-cv-67 |
| | ) |
| VERMONT STATE POLICE, | ) |
| BURLINGTON FEDERAL DEFENDER'S | ) |
| OFFICE, IAN CARLETON, WILLIAM | ) |
| RUPRECHT IV, PAUL ALTENBURG, and | ) |
| HOMELAND SECURITY | ) |
| INVESTIGATIONS, | ) |
| | ) |
| Defendants. | ) |

**ORDER ADOPTING
REPORT AND RECOMMENDATION**
(Docs. 7, 18)

The Report and Recommendation of the United States Magistrate Judge ("R & R") was issued June 10, 2022. (Doc. 18.) No objections having been filed, after careful review of the file and R & R, this court ADOPTS the recommendations in full for the reasons stated in the R & R.

**Analysis**

A district judge must make a de novo determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405.

In this case, Plaintiff Shaun Lacross, representing himself, alleges claims against multiple defendants. As pertinent here, Plaintiff alleges that Defendant Ian Carleton, his court-appointed attorney in a criminal case, committed "legal malpractice" in violation of the "Fourth and Fourteenth Amendments." (Doc. 5 at 1, 15.) Specifically, he alleges that Carleton revealed to

the prosecutor a privileged conversation that he had with Lacross. Carleton moves to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6) arguing that Lacross fails to state a claim on which relief can be granted under either 42 U.S.C. § 1983 or § 1985.

Although Plaintiff is "entitled to a liberal construction of [his] pleadings, which should be read to raise the strongest arguments that they suggest," *Diaz v. United States*, 633 F. App'x 551, 555 (2d Cir. 2015) (cleaned up), the court agrees that Plaintiff has failed to state a claim against Defendant Carleton. First, Plaintiff cannot state a claim under § 1983 because, in his capacity as Plaintiff's court-appointed attorney, Carleton was not acting under color of state law. *See Polk v. Dodson*, 454 U.S. 312, 324–25 (1981). Second, because the Complaint makes no allegation of racial discrimination, or discrimination based on membership in a particular class, Plaintiff has failed to state a claim under § 1985(3). *See Dolan v. Connelly*, 794 F.3d 290, 296 (2d Cir. 2015).

## CONCLUSION

After careful review of the file and the R & R, this court ADOPTS Magistrate Judge Doyle's June 10, 2022 Report and Recommendation (Doc. 18). Defendant Carleton's motion to dismiss under Rule 12(b)(6) (Doc. 7) is GRANTED. The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

This case remains STAYED during the pendency of the criminal case *United States v. Lacross*, No. 5:21-cv-84 (D. Vt. Sept. 30, 2021). *See* Doc. 16.

Dated at Burlington, in the District of Vermont, this 21st day of July 2022.

Geoffrey W. Crawford, Chief Judge
United States District Court