UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Shaun Lacross,<br><br>    Plaintiff,<br><br>    v.<br><br>Vermont State Police,<br>Burlington Federal Defenders' Office,<br>William Ruprecht IV, Paul Altenburg, and<br>Homeland Security Investigations,<br><br>    Defendants. | Civil Action No. 5:22–cv–67 |

## REPORT AND RECOMMENDATION
(Docs. 24, 25)

Plaintiff Shaun Lacross, currently serving a federal sentence of imprisonment and proceeding *pro se*, brings this action under 42 U.S.C. §§ 1983 and 1985 against Defendants Vermont State Police (VSP), the "Burlington Federal Defender's Office," Attorney Ian Carleton, Homeland Security Investigations, Special Agent William Ruprecht of the Federal Bureau of Investigation, and Special Agent Paul Altenburg of Homeland Security Investigations.  (Doc. 5.) Mr. Lacross alleges violations of his federal constitutional rights under the Fourth, Fifth, and Fourteenth Amendments arising out of his arrest for the sale of narcotics by VSP and interactions with federal agents during the subsequent investigation.

Mr. Lacross filed the Complaint in this matter during the pendency of his federal criminal prosecution.  Generally, the Complaint alleges a series of constitutional claims against law enforcement and defense counsel stemming from events related to his arrest and prosecution. Given that the civil claims in the Complaint were related to the facts of his criminal prosecution,

the Court stayed the civil case on May 25, 2022 pending resolution of Mr. Lacross's criminal charges. (*See* text-only Order 16.) Excluded from the stay was Defendant Attorney Ian Carleton's Motion to Dismiss under Rule 12(b)(6) (Doc. 7). On July 22, 2022, the Court dismissed Attorney Carleton from the case. (*See* Docs. 18, 19.) After pleading guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, Mr. Lacross was sentenced on January 25, 2023 to an 84-month term of imprisonment. *See United States v. Lacross*, No. 5:21-cr-84-gwc-2, ECF Nos. 84, 111–112. On February 15, 2023, the Court lifted the stay after finding that Mr. Lacross's time to appeal had expired and his criminal case was resolved. (*See* text-only Order 22.)

After the stay was lifted, VSP and Agents Ruprecht and Altenburg filed Motions to Dismiss the Complaint. (Docs. 24, 25.)[1] Mr. Lacross's responses to these Motions were due to be filed on May 18, 2023. On June 14, 2023, the Court issued the following text order:

> Plaintiff's responses to Defendant Vermont State Police's Motion to Dismiss and Defendants Ruprecht and Altenburg's Motion to Dismiss were due on 5/18/2023. No responses have been filed. Plaintiff is ordered to respond to the pending Motions, or show cause why no response is required, by **7/7/2023**. Should Plaintiff fail to respond by that date, the action may be dismissed with prejudice for the

---

[1] Agents Ruprecht and Altenburg move to dismiss the Complaint principally on the following grounds: (1) sovereign immunity bars constitutional claims for damages against the federal agents in their official capacities; (2) any claim under the Federal Tort Claims Act is barred because Mr. Lacross has not named the United States as the proper defendant and the apparent lack of administrative exhaustion prevents the exercise of subject matter jurisdiction; (3) to the extent that Mr. Lacross is alleging constitutional claims against the federal agents in their individual capacities, such claims arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the *Bivens* remedy is unavailable to Mr. Lacross in this case; and (4) qualified immunity. (Doc. 25.) VSP moves to dismiss the Complaint for lack of subject matter jurisdiction based on sovereign immunity. (Doc. 24.)

Although this Report and Recommendation does not address the substance of these defenses, Defendants' arguments for dismissal appear to have merit. The Court further notes that Mr. Lacross's request for injunctive relief seeks "immediate release from prison," "dismissal with prejudice" of the current charge, and "immunity [from] future prosecution for past offenses." (Doc. 5 at 21.) As Mr. Lacross was convicted and sentenced to a term of imprisonment subsequent to the filing of the civil Complaint, his requests for release from prison and dismissal of the charge are moot. With respect to Mr. Lacross's request for immunity from future prosecution for past offenses, the government stipulated in the plea agreement that it would not prosecute him for certain past offenses known to the government at the time of the signing of the plea agreement. *See United States v. Lacross*, No. 5:21-cr-84-gwc-2, ECF No. 83 at 5, ¶ 12.a. It appears that Mr. Lacross's resolution of his criminal case likely accounts for his lack of prosecution of the civil claims related to the investigation of his case.

reasons stated in the Motions to Dismiss, for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and for failure to comply with this order. *See, e.g.*, *Butler v. Countermine*, No. 21-CV-06316-FPG, 2022 WL 12033372 (W.D.N.Y. Oct. 20, 2022); *Juan O. v. Kijakazi*, No. 3:21CV00364(SALM), 2021 WL 9649902 (D. Conn. Nov. 16, 2021).

(Text-only Order 26.)

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action when a plaintiff fails to prosecute his case or to comply with the civil rules or a court order. Under Rule 41(b), the court may dismiss a case even in the absence of a motion by the defendant. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962)). Although dismissal is "a harsh remedy," "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell*, 682 F.2d at 42 (internal quotation marks omitted). The Second Circuit has explained that the "primary rationale" underlying a dismissal under Rule 41(b) is "the failure of plaintiff in his duty to process his case diligently." *Id.* at 43; *see id.* at 42 ("Failure to prosecute . . . can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics."). "Plaintiff's duty to due diligence is imposed because of the strong policy favoring prompt disposition of cases[, and] [p]rejudice to defendants resulting from unreasonable delay may be presumed." *Id.* at 43.

Mr. Lacross's responses to Defendants' Motions to Dismiss were due on May 18. Having received no filings from Mr. Lacross as of June 14, the Court issued an order to show cause why the case should not be dismissed. The order permitted Mr. Lacross until July 7 to file his responses or otherwise explain his failure to respond. As of the date of this Report and Recommendation, Mr. Lacross has not filed responses to the Motions to Dismiss or

communicated with the Court to express his intentions to continue to prosecute his civil action. Therefore, the Complaint against the Defendants may now be dismissed: (1) for the reasons stated in the Motions to Dismiss (*see* Doc. 24 at 2–3; Doc. 25 at 4–24); (2) for Mr. Lacross's lack of prosecution pursuant to Fed. R. Civ. P. 41(b); and (3) for Mr. Lacross's non-compliance with the Court's June 14 Order.  *See, e.g.*, *Butler v. Countermine*, Case No. 21-CV-06316-FPG, 2022 WL 12033372, at *2 (W.D.N.Y. Oct. 20, 2022) ("*[P]ro se* litigants have an obligation to comply with a court's orders, and if they fail to do so, they, like all litigants, must suffer the consequences of their actions." (internal quotation marks omitted)); *Juan O. v. Kijakazi*, Civil No. 3:21CV00364(SALM), 2021 WL 9649902 (D. Conn. Nov. 16, 2021).

Accordingly, I recommend that Defendant VSP's Motion to Dismiss (Doc. 24) and Defendants Ruprecht and Altenburg's Motion to Dismiss (Doc. 25) be GRANTED, and the Complaint against these Defendants be dismissed.

Dated at Burlington, in the District of Vermont, this 30th day of August 2023.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections that shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); L.R. 72(c).  Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision."  *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (quoting *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).