UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| SHAUN LACROSS, | ) |
| | ) |
| v. | )  Case No. 5:22-cv-67 |
| | ) |
| VERMONT STATE POLICE; IAN CARLETON, BURLINGTON FEDERAL DEFENDERS' OFFICE; CARL WILLIAM RUPRECHT IV, FEDERAL BUREAU OF INVESTIGATION; PAUL ALTENBURG, HOMELAND SECURITY INVESTIGATIONS,[1] | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## ORDER ADOPTING IN PART
## REPORT AND RECOMMENDATION AND DISMISSING CASE
(Docs. 5, 24, 25, 27)

The Report and Recommendation of the United States Magistrate Judge ("R & R") was issued August 30, 2023. (Doc. 27.) No objections having been filed, after careful review of the file and the R & R, this court ADOPTS the recommendations as explained below and Plaintiff Shaun Lacross's Complaint is DISMISSED.

## Analysis

A district judge must make a de novo determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405.

---

[1] The Clerk's Office is respectfully requested to correct the docket to reflect the Defendants' names as listed here.

In March 2022, Plaintiff, representing himself and, at that time, a federal pretrial detainee, brought this action alleging claims under 42 U.S.C. §§ 1983 and 1985 for violations of his federal constitutional rights under the Fourth, Fifth, and Fourteenth Amendments arising out of his arrest by the Vermont State Police for the sale of narcotics, his interactions with federal agents during the subsequent investigation, and his representation by court-appointed counsel. Because he filed the Complaint during the pendency of a federal criminal prosecution against him, the court stayed his civil case on May 25, 2022, pending resolution of the criminal charges. Defendant Attorney Carleton was excluded from the stay and, on July 22, 2022, he was dismissed from the case. (Doc. 19.) In January 2023, after pleading guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, Plaintiff was sentenced to an 84-month term of imprisonment. *See United States v. Lacross*, No. 5:21-cr-84-gwc-2 (D. Vt. Jan. 25, 2023).

On February 15, 2023, once Mr. Lacross's time to appeal had expired, the court lifted the stay. On April 14, 2023, Defendants Vermont State Police ("VSP"), Special Agent Ruprecht, and Special Agent Altenburg filed motions to dismiss the civil Complaint. (Docs. 24, 25.) On June 14, 2023, after Plaintiff failed to respond to the motions, Magistrate Judge Doyle issued an order directing Plaintiff to respond, or to show cause why no response was required, by July 7, 2023. Plaintiff was warned that if he should fail to respond by that date, his case "may be dismissed with prejudice for the reasons stated in [Defendants'] Motions to Dismiss, for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and for failure to comply with th[e] order." Dkt. Entry No. 26. Plaintiff did not respond. On August 30, 2023, Magistrate Judge Kevin Doyle issued an R & R.

In his R & R, the Magistrate Judge indicated that Plaintiff's Complaint may be dismissed: (1) for the reasons stated in the motions to dismiss; (2) for Plaintiff's lack of prosecution

pursuant to Fed. R. Civ. P. 41(b); and (3) for Plaintiff's non-compliance with the court's June 14 Order. (Doc. 27 at 4.) He further recommended that VSP's motion to dismiss (Doc. 24) and Special Agent Ruprecht and Special Agent Altenburg's motion to dismiss (Doc. 25) be granted.[2]

Rule 41(b) authorizes dismissal of an action when a "plaintiff fails to prosecute his case or to comply with the civil rules or a court order." Fed. R. Civ. P. 41(b). Where a defendant has not moved under Rule 41(b), a court may nevertheless dismiss a case *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Although Rule 41(b) does not define "failure to prosecute," the Second Circuit has held that "[i]t can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). Significantly, the rule provides that a dismissal under subdivision (b) generally "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

In this case, Plaintiff failed to timely respond to Defendants' motions to dismiss. He was provided an extended deadline and warned that his case could be dismissed with prejudice if he failed to respond to the motions to dismiss, or to show cause why no response was required. He failed to respond. Plaintiff was further provided the R & R recommending dismissal of his Complaint. He failed to object.[3] In fact, Plaintiff has not filed anything in this case since the lifting of the stay on February 15, 2023, and his last filing was a notice of change of address on May 11, 2022, over eighteen months ago.[4] Thus, the court agrees that Plaintiff has failed to both

---

[2] In a footnote, the R & R summarized the arguments made in the motions to dismiss and noted that, "[a]lthough this [R & R] does not address the substance of these defenses, Defendants' arguments for dismissal appear to have merit." (Doc. 27 at 2, n.1.)

[3] As the R & R noted, "[f]ailure to timely file objections 'operates as a waiver of any further judicial review of the magistrate's decision.'" (Doc. 27 at 4, n.4 (quoting *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (internal quotation marks omitted)).)

[4] The court notes that neither the mailing of the June 14, 2023 Order nor the August 30, 2023 R & R were returned to the court as undeliverable. In any event, a party has an obligation to monitor a lawsuit in

3

comply with the June 14 Order and prosecute his case and that as a result his case should be dismissed under Rule 41(b). *Njasang Nji v. Tryon*, 308 F.R.D. 89, 91 (W.D.N.Y. 2015) (collecting cases dismissing complaints where "a plaintiff has failed to take any action on his or her case for a substantial period of time").

## CONCLUSION

After careful review of the file and the R & R, this court ADOPTS IN PART Magistrate Judge Doyle's August 30, 2023 Report and Recommendation (Doc. 27). The court ADOPTS the recommendation that Plaintiff's Complaint be DISMISSED with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failure to comply with a court order. Consequently, Defendants' motions to dismiss (Docs. 24, 25) are DENIED AS MOOT. The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

Dated at Rutland, in the District of Vermont, this 18th day of December 2023.

Geoffrey W. Crawford, Chief Judge
United States District Court

---

which he or she is involved, especially if the party has initiated the litigation. *See United States ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001) ("[P]arties have an obligation to monitor the docket sheet to inform themselves of the entry of orders[.]").

4